ALBANY,
August, 1818.

QUIMBY
v.
HART.

fendants from the present demand. They are accordingly
entitled to judgment.

Judgment for the defendants.

———◦✳◦———

## QUIMBY against HART.

IN ERROR, on *certiorari* to a justice's court.

In an action of trespass on land, in a justice's court, the defendant cannot, after pleading the general issue, interpose a plea of title; nor can he under the general issue give evidence of title.

The plaintiff in error brought an action of trespass in the court below, against the defendant in error, for cutting down his trees. The defendant appeared personally, pleaded the general issue, demanded a jury, and moved for an adjournment, which was granted; when the *venire* was returned, and the justice was about to impanel the jury, the defendant by his counsel offered a formal plea of title, and tendered security. The plaintiff objected to the new plea as too late, and the justice allowed the objection. The plaintiff having proved the trespass, the counsel for the defendant offered to prove title to the *locus in quo*, but the justice excluded the evidence. There was nevertheless a verdict and judgment for the defendant.

*Per Curiam.* The only question is, whether the plea of title was tendered in due season, to suspend the jurisdiction of the justice. We think it was too late after pleading the general issue, demanding a jury, and obtaining an adjournment. The defendant must make his election to interpose his plea of title, before any other plea. It would be inconvenient and irregular to allow a different practice.

Judgment reversed.